1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JUAN GURROLA,                    )
    #1039299                 )
                      )
       Plaintiff,            )          2:10-cv-0933-KJD-PAL
                      )
vs.                              )          **ORDER**
                      )
HOWARD SKOLNIK, *et al.*,        )
                      )
       Defendants.           )
_____/

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's application to proceed *in forma pauperis* is granted (docket #5).  Based on the information regarding plaintiff's financial status in the Application to Proceed *in Forma Pauperis*, plaintiff is required to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915.

       The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must *prepay* -- plaintiff will be required to prepay an initial installment of $21.20, instead of having to prepay the full $350 filing fee for this action.  The entire $350 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C.

1   §1915.  The entire $350 filing fee will remain due and payable, and will be collected from plaintiff's

2   institutional account regardless of the outcome of this action.

3           The court now reviews the complaint.

4   **I. Screening Standard**

5           Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

6   prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

7   "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who

8   is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an

9   arguable basis either in law or in fact.  *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

10  therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

11  where the factual contentions are clearly baseless.  *Id*. at 327.  The critical inquiry is whether a

12  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson*

13  *v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

14          Dismissal of a complaint for failure to state a claim upon which relief may be granted is

15  provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

16  Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Review under

17  Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*,

18  232 F.3d 719, 723 (9th Cir. 2000).  A complaint must contain more than a "formulaic recitation of the

19  elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief

20  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965

21  (2007). "The pleading must contain something more...than...a statement of facts that merely creates a

22  suspicion [of] a legally cognizable right of action." *Id*.  In reviewing a complaint under this standard,

23  the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex*

24  *Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

25  plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

26

1      Allegations in a *pro se* complaint are held to less stringent standards than formal

2  pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S.

3  519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

4  Cir. 1990).  All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the

5  prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal

6  conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of

7  infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual

8  allegations (*e.g.* fantastic or delusional scenarios).  *See Neitzke*, 490 U.S. at 327-28; *see also McKeever*

9  *v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

10      To sustain an action under section 1983, a plaintiff must show (1) that the conduct

11  complained of was committed by a person acting under color of state law; and (2) that the conduct

12  deprived the plaintiff of a federal constitutional or statutory right."  *Hydrick v. Hunter*, 466 F.3d 676,

13  689 (9th Cir. 2006).

14  **II.  Instant Complaint**

15      Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued

16  Nevada Department of Corrections ("NDOC") Director Howard Skolnik, NDOC Deputy Director James

17  G. Cox, Nevada Attorney General Catherine Cortez-Masto, SDCC Warden Brian Williams, and

18  caseworker Spell.  Plaintiff alleges that on May 24, 2010, he submitted a kite seeking to "start the

19  official determination if his [Immigration and Customs Enforcement ("ICE")] hold was valid or not."

20  Plaintiff claims that caseworker Spell responded: "You have a detainer on file for ICE.  You will be

21  released to ICE."  Plaintiff asserts that Spell failed to follow Administrative Regulation (A.R.) 548,

22  which he alleges sets forth the procedure for how NDOC responds to such a request.  He claims

23  violations of his Fourteenth Amendment due process and equal protection rights.

24      With respect to due process, a prison regulation creates a liberty interest deserving

25  protection under the Fourteenth Amendment's due process clause only when the deprivation in question

26  (1) restrains the inmate's freedom in a manner not expected from his or her sentence; and (2) "imposes

3

1  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."

2  *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir.

3  2007).

4          With respect to equal protection, "[p]risoners are protected under the Equal Protection

5  Clause of the Fourteenth Amendment from invidious discrimination based on race."   *Wolff v.*

6  *McDonnell*, 418 U.S. 539, 556 (1974).  Prisoners are also protected by the Equal Protection Clause from

7  intentional discrimination on the basis of their religion.  *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th

8  Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence

9  of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976).

10         In a complaint brought pursuant to § 1983, the plaintiff should specifically identify each

11  defendant to the best of his or her ability, clarify what constitutional right he or she believes each

12  defendant has violated and support each claim with factual allegations about each defendant's actions.

13  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

14  between a defendant's actions and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May*

15  *v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  The

16  plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See*

17  *Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

18         Further, before plaintiff can commence a civil rights action with respect to prison

19  conditions, he or she must first exhaust the administrative remedies that are available.  42 U.S.C.

20  § 1997e(a).  The "exhaustion requirement applies to all inmate suits about prison life, whether they

21  involve general circumstances or particular episodes, and whether they allege excessive force or some

22  other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  The failure to exhaust is an

23  affirmative defense, which often requires proof of facts not on the face of the complaint.  *See Wyatt v.*

24  *Terhune*, 280 F.3d 1238, 1245-46 (9th Cir. 2002).  However, when it is clear from the face of the

25  complaint that a prisoner did not exhaust the administrative remedies, then the court must dismiss the

26  action pursuant to 28 U.S.C. § 1915A.  *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).  Here,

plaintiff states at page 8 of the complaint that he did not exhaust the available administrative grievance procedures at SDCC, and therefore, the court must dismiss this action.

**III.  Conclusion**

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (docket #5) is **GRANTED.**  Plaintiff **Juan Gurrola, Inmate No. 1039299,** will be permitted to maintain this action to conclusion without prepayment of the full filing fee.  However, plaintiff must pay an initial installment of the filing fee in the amount of **$21.20.**  Plaintiff will not be required to pay fees or costs, other than the filing fee, or give security therefor.  This Order granting *in forma pauperis* status shall not extend to the issuance and service of subpoenas at government expense.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act of 1996, the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, the **$21.20** due as the initial installment of the filing fee, if sufficient funds exist in plaintiff's inmate account.  Thereafter, the Nevada Department of Corrections shall pay the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in months that the account exceeds $10.00), until the full $350 filing fee has been paid for this action.  **The Clerk shall send a copy of this order to Albert G. Peralta, Chief of Inmate Services, Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.**

IT IS FURTHER ORDERED that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

5

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED: October 12, 2010

_____
UNITED STATES DISTRICT JUDGE